NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-2865
_____

CRISTOBAL GUZMAN-GARCIA,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of a
Decision of the Board of Immigration Appeals
BIA No. A206-880-921
Immigration Judge: Steven A. Morley
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
June 21, 2021

Before: SMITH, *Chief Judge*, MATEY, and FISHER, *Circuit Judges*

(Filed July 14, 2021)
_____

OPINION*
_____

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

SMITH, *Chief Judge*.

Cristobal Guzman-Garcia petitions for review of the decision of the Board of Immigration Appeals affirming the Immigration Judge's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture. For the reasons that follow, we will deny the petition.

Guzman-Garcia, a native and citizen of Guatemala, entered the United States in December 2014 as an unaccompanied seventeen-year-old minor. The Department of Homeland Security issued a Notice to Appear charging him with being removable as an alien who had not been admitted or paroled into the United States in violation of 8 U.S.C. § 1182(a)(6)(A)(i). Guzman-Garcia admitted he was removable, but applied for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). He claimed he was persecuted as a member of a particular social group (PSG). Before the Immigration Judge (IJ), Guzman-Garcia refined his PSG claim, alleging that gang members persecuted him on account of his membership in his own family.[1] He alleged that gang members threatened to kidnap

---

[1] An alien prosecuting a PSG claim, must "establish that the group [at issue] is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question." *S.E.R.L. v. Attorney General*, 894 F.3d 535, 540 (3d Cir. 2018) (internal quotation marks and citation omitted). In *S.E.R.L.,* we acknowledged that kinship might be a "defining characteristic" of a PSG. *Id.* at 556.

2

him and then seek ransom money from his father, who owned a cattle ranch. He also claimed that they intended to kill him.

According to Guzman-Garcia, whom the IJ found to be credible, the gang's threats against him started in 2007 after his father bought a parcel of farmland in Chirruman, Guatemala, on which to raise livestock. Guzman-Garcia, who was nine or ten at the time, testified that the threats appeared in notes that his father received from time to time. Guzman-Garcia also stated that he was personally threatened on his way to the store. In light of the continuing threats, his father took Guzman-Garcia to a farm he owned in Peten, Guatemala. Guzman-Garcia then stayed in Peten for three- to six-month periods, blending in as a farm worker. Although Guzman-Garcia was less visible while in Peten, he claimed this arrangement was still dangerous because there were gangs "all over the country." AR209.

The threats intensified in 2014. Guzman-Garcia explained that a gang tried to steal his father's cattle, but his father, along with others, not only thwarted the attempt, but confiscated the gang's truck and weapons. After that incident, the threats became "worse, stronger and direct threats against my life," prompting Guzman-Garcia to flee to the United States. AR206.

In response to questioning from the IJ, Guzman-Garcia confirmed that the threats were made in letters and in person over "several years." Guzman-Garcia was never physically harmed, nor did his father ever pay money to any gang members.

3

Guzman-Garcia's father and sister continued to live, without incident, in Guatemala, first in Chirruman and then in Playa Grande, another area where the family owned a farm. Guzman-Garcia nonetheless asserted that it would not have been safe for him to return — and that his father would have had another mouth to feed.

The IJ denied Guzman-Garcia's application for asylum, withholding, and CAT relief. The IJ found that Guzman-Garcia did not prove past persecution, that he failed to establish an objective fear of future persecution in light of his family's continued residence without harm in Guatemala, and that he was able to relocate within Guatemala. The IJ also rejected Guzman-Garcia's contention that the threats constituted torture warranting protection under the CAT. Guzman-Garcia unsuccessfully appealed to the Board of Immigration Appeals (BIA). This timely petition for review followed.[2]

Because the BIA invoked specific aspects of the IJ's factfinding and analysis in deciding to dismiss the appeal, we review both decisions. *Uddin v. Att'y Gen.*, 870 F.3d 282, 289 (3d Cir. 2017). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Application of this standard means that we

---

[2] The BIA had jurisdiction under 8 C.F.R. § 1003.1(b). We review this final order of removal pursuant to 8 U.S.C. § 1252(a)(1).

review for substantial evidence, which "is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doe v. Att'y Gen.*, 956 F.3d 135, 140 (3d Cir. 2020) (internal quotation marks and citation omitted).  We exercise de novo review over questions of law.  *Id.* at 141.

We conclude that substantial evidence supports the IJ's factfinding in this matter.  Guzman-Garcia challenges at the outset the IJ's finding that he could relocate to another part of Guatemala like his similarly situated family members, who remained in Guatemala without being physically harmed.  The IJ did not err.  The regulations direct that "adjudicators should consider the totality of the relevant circumstances," 8 C.F.R. §§ 208.16(b)(3), 1208.13(b)(3), and his family's ability to remain in Guatemala unharmed is certainly relevant.  *See Lie v. Ashcroft*, 396 F.3d 530, 537 (3d Cir. 2005); 8 C.F.R. § 208.16(c)(3)(ii).  Indeed, his father and sister are members of the same PSG that forms the basis for his claims.

Nor was there error in deciding that the unfulfilled threats, without more, failed to provide the objective evidence needed to establish a fear of future persecution that would entitle Guzman-Garcia to asylum, withholding of removal, or relief under the CAT.  *See Chavarria v. Gonzalez*, 446 F.3d 508, 520 (3d Cir. 2006) (restating that, to establish a well-founded fear of future persecution, an alien must show "subjective fear of persecution that is supported by objective evidence that persecution is a reasonable possibility") (internal quotation marks and citation

5

omitted); *Auguste v. Ridge*, 395 F.3d 123, 151 (3d Cir. 2005) (acknowledging that an alien must "establish, by objective evidence, that he is entitled to relief" under the CAT) (internal quotation marks and citation omitted).  The threats Guzman-Garcia experienced were not sufficiently concrete and menacing to constitute persecution or torture.  *See Herrera-Reyes v. Att'y Gen.*, 952 F.3d 101, 108 (3d Cir. 2020).

We will deny Guzman-Garcia's petition for review.